## COMMONWEALTH *vs.* PATRICK KELLY.

ա the copy of a complaint transmitted to the court of common pleas in a criminal case varies from the original in the date of the offence, the court may suspend the trial to enable the district attorney to procure an accurate copy, and, upon his obtaining it, resume the trial, if the defendant does not ask for a postponement or a new beginning thereof.

COMPLAINT for an unlawful sale of intoxicating liquors. After a jury had been empanelled in the court of common pleas for the trial of this complaint, and the paper filed in that court as a copy thereof had been read to the jury, and before any further proceedings, the district attorney suggested to the court that the paper was not a true transcript of the original complaint, but that, by a clerical error, the year of the commission of the offence was misstated; and the court, at his request, suspended the trial in order to allow him time to obtain a true copy of the original paper; he obtained such a copy, duly certified, and the trial then proceeded. The defendant objected to any use being made of this copy. But *Perkins*, J. overruled the objection, and allowed this paper to be read to the jury, in connection with the paper before read, for the purpose of supplying the necessary correction in that paper. The defendant, being convicted, alleged exceptions.

*W. D. Northend,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

BY THE COURT. The complaint upon which the defendant was tried in the court of common pleas was a true copy of the original complaint upon which he had been previously tried. He was tried for the same offence before the jury, as before the justice to whom the complaint had been made. If he was misled, he should have asked for a postponement. It was within the discretion of the court, either to resume the trial or to begin again ·                                              *Exceptions overruled.*